**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE ALBERTO BELTRAN, | No.    18-35313 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00915-SI |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 19, 2019**

Before:    TROTT, FERNANDEZ, and SILVERMAN, Circuit Judges.

Federal prisoner George Alberto Beltran appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various constitutional violations. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. We deny Beltran's request for oral argument, set forth in his opening brief. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Beltran failed to properly exhaust his administrative remedies, or raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1171-72 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Beltran's motion for default judgment because Beltran did not seek entry of default and defendants did not "fail to plead or otherwise defend." *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth standard of review and explaining that Fed. R. Civ. P. 55 requires first the entry of a default and then entry of default judgment).

We reject as without merit Beltran's contentions regarding judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

18-35313

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**